UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGHAI FENG,<br><br>Petitioner,<br><br>v.<br><br>TODD M. LYONS, et al.,<br><br>Respondents. | No.  1:26-cv-00235 DJC SCR<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding through counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2241.  The assigned District Judge referred the matter to the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1).  ECF No. 10.

## I.    Factual and Procedural History

### A.  Section 2241 Petition

Petitioner, a citizen of China, filed a § 2241 petition on January 12, 2026.  ECF No. 1. Petitioner alleges that he is in the physical custody of respondents at the California City Detention Facility, within this judicial district.  Id. at 2, ¶ 1.  Petitioner has resided with his family in the United States since October 2023.  Id. at 5, ¶ 17.  Since August 2024, petitioner worked at Fashion Nova Logistics in Santa Fe Springs, California, where he scanned and picked clothing items for order fulfillment.  Id. at 11, ¶ 50.  In September 2025, petitioner was arrested entering his apartment while ICE conducted a raid on a different unit.  He was charged with, *inter alia*, being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i).  Id., ¶ 51-52.  On November 14, 2025, an

1

Immigration Judge ("IJ") denied his request for review of his custody on grounds the immigration court lacked jurisdiction because petitioner was an applicant for admission under 8 U.S.C. § 1225(b)(2). Id. at 12, ¶¶ 54-57.

Petitioner argues that, as a noncitizen who resided in the United States prior to being apprehended and placed in removal proceedings by respondents, his detention is governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). ECF No. 1 at 12-13, ¶¶ 59-60. His petition raises two claims for relief: (1) a violation of the Immigration and Nationality Act ("INA") based on the unlawful application of § 1225(b)(2) to his detention; and (2) a violation of the Due Process Clause of the Fifth Amendment. ECF No. 1 at 12-15. By way of relief, he seeks an order "requiring that Respondents release Petitioner or provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within 14 days" and an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412. Id. at 15.

### B. Petitioner's Motions for Injunctive Relief

Petitioner filed a motion for temporary restraining order ("TRO") on January 20, 2026, on different grounds than his petition. He alleged that the government refuses to schedule a bond hearing because DHS and EOIR records incorrectly list him as detained at Adelanto Detention Center. ECF No. 5. Petitioner insisted his detention is prolonged "solely due to administrative error, rendering it unconstitutional." Id. at 4.

Judge Calabretta denied the TRO, explaining that while the § 2241 petition raises similar issues to those discussed in recent immigration habeas decisions, the TRO motion did not clearly raise these same issues. ECF No. 8 at 1-2. Petitioner provided no legal authority for his position and, as such, did not establish a likelihood of success on the merits. Id. at 2.

Petitioner then renewed these same administrative error arguments in a motion for preliminary injunction filed on January 22, 2026. ECF No. 9. Judge Calabretta denied the preliminary injunction motion for the same reasons explained in his TRO ruling and referred the matter to the undersigned.[1]

---

[1] Petitioner has filed a motion for reconsideration of Judge Calabretta's order denying the preliminary injunction motion. ECF No. 13. That motion remains pending.

## C. Respondents' Answer/Return

After Judge Calabretta referred the matter, the undersigned directed respondents to file an answer/return to the petition.  ECF No. 11.  In their answer/return, respondents do not dispute the main facts that (1) petitioner is a citizen and national of China who entered the United States without inspection at some point prior to 2024; (2) immigration authorities arrested him in September of 2025 and placed him in removal proceedings; and (3) petitioner is currently detained in the custody of immigration authorities under the asserted authority of 8 U.S.C. § 1225(b)(2).  ECF No. 15 at 1 (citing ECF No. 1, ¶¶ 17, 51-52, 56).

Respondents argue petitioner's detention is lawful because, "Section 1225(b)(2)(A) 'applies to an alien who is physically present in the United States but not lawfully admitted, regardless of how long they have been physically present here.'"  Id. at 2 (citing Altamirano Ramos v. Lyons, No. 2:25-cv-9785 SVW AJR, 2025 WL 3199872, at *8 (C.D. Cal. Nov. 12, 2025)).  Regarding petitioner's due process claim, respondents argue that applicants for admission "do not enjoy the same set of procedural and substantive due process protections afforded to individuals lawfully in the United States[.]"  Id. (citing, *inter alia*, Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 139 (2020)).  Therefore, "[d]espite the humanitarian realities that arguably weigh in favor of Feng's release, he is subject to mandatory detention under statutory and constitutional law."  Id. at 3.

## D. Petitioner's Traverse/Reply

In his reply brief, petitioner argues that most judges in this district have rejected respondents' argument that noncitizens "arrested in the interior of the United States after extended physical presence" are subject to detention under 8 U.S.C. § 1225.  ECF No. 17 at 2 (citations omitted).  Petitioner also maintains that respondents' due process arguments are incorrect and misleading.  Specifically, respondents' reliance on Thuraissigiam is misplaced because that case addressed the scope of habeas review in expedited removal proceedings, not the constitutionality of prolonged interior detention pending full removal hearings.  Id. at 4.  Petitioner maintains that noncitizens like himself who are physically present in the United States are protected by the Due Process Clause with respect to liberty interests in freedom from bodily

3

restraint. Id. (citing Zadvydas v. Davis, 533 U.S. 678, 693 (2001)).

**DISCUSSION**

### I.    Applicable Detention Statute

The statutory and regulatory framework governing immigration detention can charitably be described as complex.  "Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention."  Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

Respondents' argument that petitioner is an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) is based on the minority of cases supporting this interpretation, including Ramos, 2025 WL 3199872.  As petitioner notes, "[t]he statutory interpretation arguments Respondents rely on from . . . Ramos have been consistently rejected by courts in the Ninth Circuit."  H.F. v. Albarran, No. 1:25-cv-1795 TLN EFB, 2025 WL 3691081, at *3 (E.D. Cal. Dec. 19, 2025) (citing Salcedo Aceros v. Kaiser, No. 25-cv-6924 EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases)).  Instead, a majority of district courts have held that noncitizens apprehended after a period residing in the United States are subject to detention under § 1226(a).

Judge Calabretta succinctly explained this majority view in a recent decision involving a petitioner who similarly entered the United States without inspection and was detained after residing in the country for several years:

> This Court agrees with Petitioner that he is likely subject to Section 1226(a)'s discretionary detention scheme rather than Section 1225(b)(2)'s mandatory detention scheme and, therefore, is entitled to a bond hearing. Respondents argue Petitioner is an "applicant for admission" within the meaning of Section 1225. (Opp'n at 8.) This argument reflects a recent executive branch policy change directing federal immigration officials to seek expedited removal of a larger swath of noncitizens by classifying all noncitizens present in the United States as "applicant[s] for admission" under Section 1225. C.A.R.V. v. Wofford, No. 1:25-cv-01395-JLT-SKO, 2025 WL 3059549, at *5 (E.D. Cal. Nov. 3, 2025) (quoting Salcedo Aceros v. Kaiser, No. 25-CV-06924-EMC, 2025 WL 2637503, at *1–4 (N.D. Cal. Sept 12, 2025), describing this policy change).
>
> This Court rejects Respondents' argument and finds that the applicability of these provisions is governed by when and where a noncitizen encounters immigration enforcement officials. Courts in this Circuit have found that Section 1225 applies

4

to those apprehended upon arrival to the United States while Section 1226 applies to those already living within the United States. See, e.g., Bostock, 779 F. Supp. 3d at 1257 (finding petitioner likely to succeed on merits of argument that 1225(b)(2)(A) "should be read to narrow mandatory detention under that subsection to noncitizens who are apprehended while seeking to enter the country, and that noncitizens already residing in the United States, including those who are charged with inadmissibility, continue to fall under the discretionary detention scheme in Section 1226") (internal quotation marks omitted); J.A.C.P. v. Wofford, No. 1:25-cv-01354-KES-SKO-HC, 2025 WL 3013328, at *6–7 (E.D. Cal. Oct. 27, 2025). This interpretation of these provisions is further supported by the canon against surplusage, a recent Supreme Court decision, and longstanding agency practice.

E.L.D.M. v. Becerra, No. 1:25-cv-1906 DJC JDP, 2025 WL 3707140, at *3 (E.D. Cal. Dec. 22, 2025). The undersigned follows the majority view in finding that the applicable statute governing petitioner's detention here is § 1226(a), not § 1225(b)(2).

The undersigned recognizes that a divided panel of the Fifth Circuit Court of Appeals recently held that individuals like petitioner who have never been formally admitted into the United States and are arrested in the interior of the country are properly subject to detention under § 1225(b)(2). See Buenrostro-Mendez v. Bondi, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). However, the undersigned does not find the majority's statutory analysis persuasive, instead finding persuasive the statutory analysis of the dissenting judge in Buenrostro-Mendez. The dissent's analysis largely tracks the analysis in the majority of cases decided in this court, see E.L.D.M., 2025 WL 3707140, at *3-4, and the analysis adopted by a divided motions panel of the Seventh Circuit Court of Appeals, see Castañon-Nava v. U.S. Dep't of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding that DHS is "not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)"). The undersigned will not adopt the Fifth Circuit's reading of the statutory scheme in Buenrostro-Mendez.

Having determined that petitioner is subject to the discretionary detention scheme in § 1226(a), the undersigned proceeds to address petitioner's substantive claims.

## II.    Petitioner's Purported Detention Under § 1225(b)(2) Violates the INA

Petitioner's first claim alleges that because 8 U.S.C. § 1225(b)(2) "does not apply to those who previously entered the country and have been residing in the United States prior to being

5

apprehended and placed in removal proceedings," respondents' application of § 1225(b)(2) to his detention violates the INA.  ECF No. 1 at 13, ¶¶ 60-61.

As explained above, the undersigned finds petitioner's detention is governed by § 1226(a), not § 1225(b)(2).  Section 1226(a) expressly authorizes release on bond and its authorizing regulations provide for IJs to convene bond hearings.  After arresting a noncitizen, the government "may continue to detain the arreste[e]" until a final removal decision is made or "may release" them on "bond" or "conditional parole."  8 U.S.C. § 1226(a)(1)–(2).  If a noncitizen wishes to contest the initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge.  8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1).  Accordingly, Respondents are violating the INA, as codified at 8 U.S.C. § 1226(a), by detaining petitioner without a bond hearing.  Habeas relief is warranted on this ground alone.  Because petitioner's INA claim provides adequate relief, the undersigned declines to adjudicate his constitutional claim.[2]  See Nw. Austin Mun. Util. Dist. No. One v. Holder, 557 U.S. 193, 205 (2009) ("normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case[.]") (citations omitted).

### III.  Scope of Relief

The undersigned must next determine the scope of habeas relief.  Petitioner seeks an order directing Respondents to "release Petitioner or provide Petitioner with a bond hearing pursuant to

---

[2]  If constitutional analysis were necessary, there is no doubt that the Due Process Clause would independently require that petitioner be afforded a fair detention hearing.  The Supreme Court has concluded that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent."  Zadvydas, 533 U.S. at 693.  Further, respondents rely in large part on Thuraissigiam, 591 U.S. 103, to argue that petitioner's due process rights as noncitizen who has not been formally admitted into the United States extend no further than the procedures provided by the INA.  ECF No. 15 at 2-3.  The undersigned finds Thuraissigiam materially distinguishable for multiple reasons.  Its "discussion of due process is necessarily constrained to challenges to admissibility to the United States" and "[t]he Court answered no broader question."  Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1171-72 (W.D. Wash. 2023).  Moreover, Thuraissigiam concerned an individual arrested a short time after entering the United States without inspection, and mere yards from the border, not an individual like petitioner who has established meaningful ties to the United States.  Thuraissigiam "does not foreclose . . . due process claims which seek to vindicate a right to a bond hearing with certain procedural protections."  Padilla, 704 F. Supp. 3d at 1172.

6

8 U.S.C. § 1226(a) within 14 days." ECF No. 1 at 15.  Considering § 1226(a)'s discretionary detention framework, as well as the absence of any prior release on bond pursuant to § 1226(a), the undersigned does not find immediate release to be an appropriate remedy.  See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings); Rodriguez v. Bostock, 779 F. Supp. 3d 1239, 1263 (W.D. Wash. 2025) (denying Petitioner's request for immediate release and explaining that "that the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is remedied by granting his request for a bond hearing under Section 1226(a)").[3]  Accordingly, the undersigned will recommend that respondents be ordered to provide a bond and custody redetermination hearing within 14 days pursuant to § 1226(a) and its implementing regulations.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.    Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED.

2.    Respondents be ordered to provide the Petitioner a bond hearing before an Immigration Judge within fourteen (14) days of the adoption of the findings and recommendations.

3.    Respondent be further directed to file a notice certifying compliance with the above provision within seven (7) days from the date of the bond hearing.

4.    If petitioner is granted release on bond, respondents shall return all of petitioner's documents and possessions at the time of release.

5.    Petitioner's motion for reconsideration (ECF No. 10) be DENIED as moot.

6.    Judgement be entered in petitioner's favor and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with

---

[3] The undersigned recognizes that Judge Calabretta has ordered release and a pre-deprivation bond hearing in similar cases.  See Morillo v. Albarran, No. 1:25-CV-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); E.L.D.M., 2025 WL 3707140.

the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 10, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE