UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONGHAI FENG,

          Petitioner,

v.

TODD M. LYONS,

          Respondents.

No. 1:26-cv-00235-DJC-SCR

ORDER

Petitioner is a federal immigration detainee proceeding through counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 10, 2026, the Magistrate Judge filed Findings and Recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days.  (ECF No. 18.)  Respondents filed an objection to the Findings and Recommendations that stated their opposition to affording relief based on the same reasons set forth in their opposition to the habeas petition.  (ECF No. 19.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case.  Having reviewed the

1

entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.  However, the Court disagrees with the Magistrate Judge's ultimate decision to order a bond hearing as opposed to release as the appropriate remedy.

Petitioner has been held in custody since September 2025.  Despite ample opportunity to do so, the Government has not provided Petitioner with the statutorily required bond hearing during that time.  Such a lengthy delay in providing the statutorily mandated bond hearing violates Petitioner's due process rights.  *See Gerstein v. Pugh*, 420 U.S. 103, 125–126 (1975) (For state criminal defendants "a timely judicial determination of probable cause is a necessary prerequisite of detention[.]"); *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972) (In the context of parole revocation "due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest . . . ."); *see also United States v. Montalvo-Murillo*, 495 U.S. 711, 723 n.3 (1990) (Stevens, J., dissenting) (stating that "[w]e have recognized that delay of a hearing related to detention itself can violate constitutional guarantees of due process[,]" and citing the previously cited cases).  The Government has made a unilateral determination that individuals such as Petitioner are not entitled to a bond hearing, denying them the process they are due under section 1226(a).  (*See* ECF No. 15 at 2 (arguing Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as a noncitizen who is physically present in the United States but not lawfully admitted).)  Provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right.

This is not to say that release is appropriate where it is apparent that Petitioner would otherwise be detained.  *See Montalvo-Murillo*, 495 U.S. at 717.  Nor does it mean that the Government is prevented from seeking Petitioner's detention in the future.  *See id.* at 719.  But here the Government intentionally chose to deny Petitioner

the right to a bond hearing, and there is no indication before the Court of prima facie evidence that Petitioner could be found to be a risk of flight or a danger to the community.  Under these circumstances, Petitioner's lengthy detention without the process afforded to him under 8 U.S.C. § 1226(a) warrants release.

Accordingly, IT IS HEREBY ORDERED that

1. The Findings and Recommendations (ECF No 18) are ADOPTED IN PART;

2. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED;

3. Respondents are ORDERED to immediately release Petitioner Donghai Feng from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **February 19, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3